IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON ADLER, ) | No. C 07-02476 JW (PR) |
|     Petitioner, ) | |
| ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | |
|     Respondent. ) | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole's ("BOP") October 12, 2005 decision to deny him parole. Petitioner has paid the filing fee.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for Santa Clara County of first degree murder, and on or about June 29, 1971, was sentenced to life with the possibility of parole in state prison. (Pet. 1.)

Petitioner has been found not suitable for parole each time he has appeared before the BOP. According to the petition, the October 12, 2005 decision was

Order to Show Cause
N:\Pro - Se\7.9.2007\07-02476 Adler02476_osc.wpd

petitioner's sixteenth denial of parole. (Pet. 6.) On April 25, 2007, the Supreme Court of California denied his challenge to the BOP's latest decision. Petitioner filed the instant federal habeas petition on May 8, 2007.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BOP's October 12, 2005 decision finding him not suitable for parole on the following grounds: 1) due process was violated by the BOP's continued use of unchanging factors in denying petitioner parole; 2) the BOP denied petitioner's legal right to have a primary term fixed in accordance with California Supreme Court decisions; and 3) the decision finding petitioner unsuitable for parole was "arbitrary and capricious" as the record is void of evidence to support the finding that petitioner poses an unreasonable threat to public safety. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1 Attorney General of the State of California. The clerk also shall serve a copy of this
2 order on petitioner.

3       2. Respondent shall file with the court and serve on petitioner, within
4 **sixty (60) days** of the issuance of this order, an answer conforming in all respects to
5 Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6 habeas corpus should not be issued. Respondent shall file with the answer and serve
7 on petitioner a copy of all portions of the state trial record that have been transcribed
8 previously and that are relevant to a determination of the issues presented by the
9 petition.

10       If petitioner wishes to respond to the answer, he shall do so by filing a
11 traverse with the court and serving it on respondent within **thirty (30) days** of his
12 receipt of the answer.

13       3. Respondent may file a motion to dismiss on procedural grounds in lieu
14 of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
15 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall
16 file with the court and serve on respondent an opposition or statement of non-
17 opposition within **thirty (30) days** of receipt of the motion, and respondent shall file
18 with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of
19 any opposition.

20       4. Petitioner is reminded that all communications with the court must be
21 served on respondent by mailing a true copy of the document to respondent's
22 counsel. Petitioner must also keep the court and all parties informed of any change
23 of address.

25 DATED:   July 9, 2007
                              JAMES WARE
26                               United States District Judge

United States District Court
For the Northern District of California