Case 5:07-cv-02476-JW    Document 7-3    Filed 09/07/2007    Page 1 of 5

# EXHIBIT 2

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO
PROBATION OFFICER'S REPORT

**FILED** JUN 23 1971
R. B. JAMES, Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA
vs.
VERNON LA VERN ADLER

| COURT NO. | DEPT. & JUDGE |
|---|---|
| CR-22437 | 77 |
| DA FILE NO. | ATTORNEY |
| 67813 | Robert Bourne |
| HEARING DATE | PROBATION OFFICER |
| 6-23-71  9 a.m. | SANTIAGO:pml |

True Name: 
AKA: 
Address: 1111 F Street, Hotel Yale, San Diego, Calif.    Phone: 
Age: 29   Birth Date: 11-12-41   Birth Place: Millville, Minn.   Marital Status: Divorced
Descent: Cauc. X   Cau-Mex   Negro   Oriental   Other   Religion: Catholic
Ht: 5-6   Wt: 135   Eyes: Blue   Hair: Brown   Sex: Male   Driv. Lic. No.: 
Trade: Welding, carpentry   Union: None   Soc. Ser. No.: 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
Dates & Branch of Service: Denies   Rank:    Ser. No.:    Type of Discharge:
Other Identifying Data: 
SCARS, TATTOOS, AMPUTATIONS, ETC.

**OFFENSE INFORMATION**

Charge(s): Murder (187 PC) 1st deg - Life Imprisonment
Date Offense Committed: 11-15-70   Date Convicted: 5-21-71   How?: Jury
Status: Jail   Days in Jail This Case:    Investigating Arresting Agency: SDPD   Date INDICT. Complaint Filed: 12-2-70
FBI No.: 136 517 D   CII No.: 2 745 725   SDPD No.: 346 952   SDSO No.: 457 327
OTHER PD NO.:

**COURT RELATED DATA:** An Indictment filed on the above date has charged the defendant with the murder of one Alicia Catherine Ross on November 15, 1970 (PC 187).

A Supplement to the Indictment was filed January 12, 1971, and charges the defendant with Two Prior Felony convictions in the State of Minnesota which occurred January 13, 1967 (Forgery) and January 5, 1959 (Grand Larceny-First Degree).

**THE OFFENSE:** On the morning of November 16, 1970, a Mrs. Berniece Young of 3550 Kurtz called at the Minneapolis Hotel, 760 Fifth Avenue to visit her friend, Alicia Catherine Ross, age 57 (DOB: 2-25-13) in Room #4. Ross failed to answer Mrs. Young's knock, however, she heard Ross' dog barking. Mrs. Young contacted the manager and voiced concern due to Ross' failure to answer her door. The manager opened the door to Ross' room, and Ross was found on the bed covered with a pink blanket lying dead in a dried pool of blood.

The victim's throat was cut, and there were lacerations on the jaw, neck and shoulder area as though someone had slashed a broken bottle against those areas. Two broken...

ADLER, CR-22437                       -2-                        6-23-71

bottles necks, saturated with blood were found in the room. The room had also been ransacked.

Residents of the hotel recalled that the defendant had been at a party in Room #1 of said hotel the previous evening, and that when he left the party shortly after 11:00 p.m., he told persons present that he was going to the victim's room.

It appears that the defendant had met the victim the morning of the previous day when he helped her carry some packages to her room, and he spent the remainder of the day and evening visiting and drinking with the victim and other residents of the hotel.

The defendant was arrested on a "Drunk" charge at 12:15 a.m. on November 16, 1970 when he was observed staggering in the middle of the street at 8th and Broadway. He was booked in the instant matter at 6:35 p.m. that date, and when booked, he had blood stains on his clothing and shoes. His hands had multiple cuts and abrasions typical of superficial cuts produced by pieces of glass. His shoes contained small particles of cut glass lodged in and about the soles. Footprints preserved in blood in the murder room were similar in pattern and size as that worn by the defendant when apprehended.

DEFENDANT'S STATEMENT:   The defendant submitted the following written statement:

"I do not know how crime was committed, because I did not commit the crime I am charged with.

"To have a chance and prove too society that I can be a partisicipant to the community and establish a possition along with other persons in society."

When interviewed, the defendant stated that he is innocent. Although he states that he was "drunk" the night of the instant offense, he does not remember much of what happened, he is certain that he did not kill the woman.

The defendant bristled with hostility during interview. At one point he stated that he never did "trust" probation or parole officers or "anyone of authority" as far as that went. In fact, he questioned the necessity of having to be interviewed by the undersigned. He stated that if any information was required concerning his background, that all of this could be provided by Minnesota Department of Corrections.

A request was made for information concerning the defendant's background from the Adult Corrections Commission, St. Paul, Minnesota on June 8, 1971. A response thereto has not yet been received.

PRIOR RECORD:   Clearance with FBI and CII reveals the defendant to have the following prior record:

ADLER, CR-22437                    -3-                        6-23-71

| Date | Agency | Offense | Disposition |
|---|---|---|---|
| 12-15-58 | SO Rochester Minn | Burg | No disp noted |
| 2-13-59 | Youth Cons Comm St Cloud Minn | GL 1st deg | 1-10 yrs |
| 2-13-59 | SRef Saint Cloud Minn | GL 1st deg | 1-10 yrs |
| 2-23-65 | SO San Diego | Vio parole (Minn) | No disp noted |
| 5-28-66 | PD Rochester Minn | Intox | 30 das Co Jail |
| 11-17-66 | SO Owatonna Minn | Forgery 609-625 subd 3 | 5 yrs to Comm of Corr Minn |
| 1-17-67 | SRef Saint Cloud Minn | Agg forgery | 0-5 yrs |
| 7-14-67 | SPr Stillwater Minn | SRM Perm/trans no added chgs | Discharged by Commission 3-16-70 |
| 6-20-70 | PD Austin Minn | Lodger | Rel |
| 9-29-70 | SO San Diego | Drk Driv traf 1 ct | No disp noted |
| 11-7-70 | SO San Diego | Forgery auto theft | No disp noted |
| 11-16-70 | SO San Diego | Murder Fugitive (St of Minn) | INSTANT OFFENSE |
| 12-2-70 | SO San Diego | Murder (GJI) | (SAME AS ABOVE) |

SOCIAL FACTORS: The defendant was born in Melville, Minnesota, the 5th of 13 offspring born to Loren Clarence and Mildred Margaret Adler.

The defendant first came to the attention of authorities for running away from home at age 8. Since that time he has spent the majority of his life in training schools, jails and penitentiaries for burglary, grand theft, bad checks, parole violations, etc.

He terminated his formal education at 9th grade level; however, he states that he obtained his high school diploma while in prison in Minnesota. He married one Carolyn Anderson in September 1958. One child, Merlyn Laverne, age 13, was born to this union. His former wife divorced him the year after their marriage when he was sent to prison in Minnesota as a result of a First Degree Larceny conviction.

ADDITIONAL INFORMATION: In view of the manner in which the victim in this matter was murdered, the following information is interesting:

ADLER, CR-22437 -4- 6-23-71

During investigation of this matter, San Diego Police interviewed one Nancy Louise Brown, age 23, who advised of the following. She knew the defendant in Rochester, Minnesota, and commenced going with him when he got out of prison in June 1970.

In July 1970 she and the defendant left Rochester, and resided briefly in Minneapolis. They started driving cross country, but only got as far as Rapid City, South Dakota where their vehicle broke down. They proceeded to hitchhike to California, and arrived in San Diego in September of 1970.

The defendant refused to work, and was constantly intoxicated. She said she left him in October of 1970, and had been hiding from him because she was afraid of him. According to Miss Brown, the defendant had threatened to kill her if she left him. She cited one occasion in Minnesota when he tried to hit her in the face and neck with a broken beer bottle, but was prevented by his brothers. She cited another occasion when the defendant broke a bottle on an automobile and tried to gouge her face with it when she told him he shouldn't drink.

A Felony Warrant issued for the defendant's arrest in Rochester, Minnesota on July 15, 1970 remains outstanding.

EVALUATION: The defendant is a 29-year-old divorced male who has been convicted by jury verdict of Murder with life imprisonment recommended.

The defendant has been in and out of reform schools, jails and penitentiaries since 8 years of age. When examined by Dr. D. F. Duff on January 6, 1971, he informed the doctor that since age 8, the "longest time" he has been out of prison was for a 3-month period.

This individual has much resentment for anyone of authority, and during interview, one feels the vibrations of hostility which emanates from this person. Even if this individual were eligible for probation, the undersigned would not consider him amenable therefor.

RECOMMEN-
DATION: Inasmuch as the instant conviction requires a mandatory sentence, a recommendation is not herein being submitted.

Respectfully submitted,

Approved _____   KENNETH F. FARE
WALTER T. SWIFT, Supervisor         Chief Probation Officer

I have read and considered this report.   By _____
                                          DANIEL P. SANTIAGO
_____                   Senior Probation Officer
JUDGE OF THE SUPERIOR COURT

DPS:pml